IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## STATE OF TENNESSEE v. JASON BRIAN HARGROVE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14517     William Charles Lee, Judge**

———————————

**No. M2001-01579-CCA-R3-CD - Filed July 18, 2002**

———————————

The appellant, Jason Brian Hargrove, pled guilty in the Marshall County Circuit Court to numerous counts of theft and burglary. He received a total effective sentence of twenty years incarceration in the Tennessee Department of Correction. On appeal, the appellant raises the following issue for our review: whether the trial court erred in imposing consecutive sentences. After reviewing the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Thomas A. Davidson, Lewisburg, Tennessee, for the appellant, Jason Brian Hargrove.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

Between midnight and 7:00 a.m. on February 27, 2001, the appellant, along with two other individuals, burglarized eighteen vehicles and stole numerous items of personal property from the vehicles. They also stole three vehicles, two of which they drove to a muddy field and abandoned after the vehicles became stuck in the mud. The three men were apprehended when they returned to the field to retrieve the abandoned vehicles. The police officer who arrested the men noticed that "all three defendants had an excessive amount of mud on them and that the field was muddy." Moreover, the officer observed that the trio was in possession of some of the property that was earlier stolen from the other vehicles.

As a result, on April 25, 2001, the appellant pled guilty to three counts of theft of property valued between $1,000 and $10,000, a Class D felony; two counts of theft of property valued between $500 and $1,000, a Class E felony; eighteen counts of automobile burglary, a Class E felony; and twelve counts of theft of property valued less than $500, a Class A misdemeanor. The parties stipulated that the appellant is a Range II multiple offender.

In sentencing the appellant, the trial court found no mitigating factors. However, the court concluded that four enhancement factors applied to the appellant: (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; (13) the instant felony was committed while on community corrections; and (20) the appellant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114(1), (8), (13)(E), and (20) (1997). After considering these factors, the trial court sentenced the appellant to six years incarceration for each Class D felony conviction, two years for each Class E felony conviction, and eleven months and twenty-nine days for each Class A misdemeanor conviction. The trial court further ordered that the Class D felony sentences be served consecutively to each other, the Class E felony sentences be served concurrently with each other but consecutively to the Class D felony sentences, and the Class A misdemeanor sentences be served concurrently with each other and concurrently with the Class E felony sentences for a total effective sentence of twenty years incarceration.[1] On appeal, the appellant's sole complaint is that the trial court erred in imposing consecutive sentences.

## II. Analysis

Appellate review of the length, range, or manner of service of a sentence is de novo. Tenn. Code Ann. § 40-35-401(d) (1997). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102 and -103 (1997), -210 (Supp. 2001); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169. Because the record clearly reveals that the trial court erred in his analysis regarding the imposition

_____

[1] Originally, the trial court also ordered the sentences to be served consecutively to a previously imposed community corrections sentence for which the appellant was resentenced. However, "[t]he Court did not take into consideration that the defendant was a multiple offender." Thus, the trial court subsequently "enter[ed] an order amending the judgments reflecting that the community corrections case shall run concurrently with the remaining sentences . . . giving him a 20 year sentence as opposed to a 26 year sentence."

of consecutive sentencing, we will review the trial court's findings de novo without a presumption of correctness.

Initially, we observe that the trial court stated that the appellant should receive consecutive sentences because he committed the instant offenses while on community corrections, which the trial court reasoned was the equivalent of being "sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(6) (1997). The trial court noted its disagreement with the conclusion reached in State v. Pettus, 986 S.W.2d 540, 544 (Tenn. 1999), stating that to permit consecutive sentencing pursuant to Tenn. Code Ann. § 40-35-115(b)(6) for an offense committed while on probation, but not for an offense committed while on community corrections, "leads to a ludicrous . . . result." However, the law in this state is clear. "[T]he legislature did not intend a community corrections sentence and a probation sentence to be equivalents for purposes of consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(6)." Pettus, 986 S.W.2d at 544. As our supreme court has explained,

> [t]o aid us in our work, there are a number of principles of statutory construction, among which is the most basic rule of statutory construction: "to ascertain and give effect to the intention and purpose of the legislature." However, the court must ascertain the intent "without unduly restricting or expanding the statute's coverage beyond it's intended scope."
>
> . . . .
>
> Courts are not authorized "to alter or amend a statute." The reasonableness of a statute may not be questioned by a court, and a court may not substitute its own policy judgments for those of the legislature. "Courts must 'presume that the legislature says in a statute what it means and means in a statute what it says there.'"

Mooney v. Sneed, 30 S.W.3d 304, 306-07 (Tenn. 2000) (citations omitted). Accordingly, the trial court erred by imposing consecutive sentencing because the appellant was serving a community corrections sentence at the time of these offenses. See State v. Charles M. Thomas, No. M2000-02576-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 56, at *9 (Nashville, January 23, 2002), application for perm. to app. filed, (Tenn. 2002).

The trial court also stated that the appellant was "arguably" a professional criminal. Tenn. Code Ann. § 40-35-115(b)(1) provides that consecutive sentencing may be appropriate if "[t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood." The appellant was eighteen years of age at the time of the offenses. The presentence report reflects that the appellant dropped out of school before completing the ninth grade. The only employment the appellant claimed was with a vinyl siding company, which job lasted for approximately one year; however, the probation officer preparing the presentence report was unable to verify this employment. Additionally, the appellant has a vast criminal history as both a juvenile and an adult, comprised largely of theft offenses. While this information does indicate a tendency toward being a professional criminal, see Thomas, No. M2000-02576-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 56, at *10, we conclude that it is unnecessary

for us to determine whether the appellant was a professional criminal because consecutive sentencing is clearly supported by the appellant's extensive criminal history. See State v. Kenneth Paul Dykas, No. M2000-01665-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 160, at *43 (Nashville, March 5, 2002), application for perm. to app. filed, (Tenn. 2002), State v. Donielle L. House, No. M1998-00403-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1257, at **3-4 (Nashville, December 15, 1999).

The appellant's juvenile criminal history began at the age of thirteen when he was convicted of two counts of joyriding. See State v. Mason Thomas Wilbanks, No. 01C01-9804-CR-00184, 1999 Tenn. Crim. App. LEXIS 502, at *22 (Nashville, May 21, 1999). The appellant progressed to convictions for vandalism, a weapons offense, aggravated assault, assault, multiple theft offenses, and aggravated burglary. Moreover, the appellant was convicted of numerous offenses in the instant case. See State v. Palmer, 10 S.W.3d 638, 648 (Tenn. Crim. App. 1999). The appellant, in the course of his young life, has more than demonstrated a continued tendency to commit crime. Tenn. Code Ann. § 40-35-115(b)(2); see also State v. Russell, 10 S.W.3d 270, 279-280 (Tenn. Crim. App. 1999); State v. Antonio Teran Seay, No. M2000-01696-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 362, at *9 (Nashville, May 14, 2001). We conclude that this history amply supports the trial court's imposition of consecutive sentencing. See State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997) ("Extensive criminal history alone will support consecutive sentencing."). This issue is without merit.

### III. Conclusion
Finding no reversible error, we affirm the judgment of the trial court.

NORMA McGEE OGLE, JUDGE

-4-