# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### MARCH 17, 2004 Session

## BARBARA D. LOWE, ET AL. v. RUTH C. CHENEVERT a/k/a RUTH ROBERTSON

### Direct Appeal from the Circuit Court for Coffee County
### No. 30,107     John W. Rollins, Judge

---

### No. M2003-00450-COA-R3-CV - July 20, 2004

---

This case arises from an automobile accident in which Ms. Lowe was injured by an uninsured motorist. Ms. Lowe and her husband filed suit against the motorist and were awarded a total of $25,000 in damages, which they sought to have satisfied by Tennessee Farmer's Mutual Insurance Company under the terms of their uninsured motorist insurance policy. Tennessee Farmer's refused to pay the claim, asserting that Ms. Lowe had already signed a complete release in exchange for a settlement in excess of $5,000. In the ensuing litigation, the trial court granted Tennessee Farmer's motion for summary judgment, finding that Ms. Lowe had, indeed, signed a release as part of a settlement with Tennessee Farmer's. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Rick L. Moore, Tullahoma, TN, for Appellants

Walter F. Nichols, Manchester, TN, for Appellee

### OPINION

### Facts and Procedural History

On November 6, 1998, Barbara Lowe ("Ms. Lowe") was involved in a car accident with uninsured motorist Ruth Chenevert ("Ms. Chenevert"), in which Ms. Lowe sustained injuries that required medical treatment. At that time, Ms. Lowe and her husband, James Lowe ("Mr. Lowe"), were insured by Tennessee Farmer's Mutual Insurance Company ("Tennessee Farmer's " or

"insuror") under a policy that provided them with uninsured motorist coverage of $25,000 and medical payment coverage of $5,000. Following the accident, Ms. Lowe received treatment from Dr. Robert M. Canon until at least January 19, 1999. On August 10, 1999, Ms. Lowe met with David Brown, a claims adjuster for Tennessee Farmer's. At this meeting, Ms. Lowe signed a document entitled "Uninsured Motorist Coverage Receipt and Subrogation Agreement" ("Agreement"), and she received a check in the amount of $2500. The first paragraph of the Agreement contained a full release of Tennessee Farmer's for personal injuries and/or medical expenses incurred as a result of the accident with Ms. Chenevert. The Agreement further established the subrogation rights of the insuror.

The Lowes then filed the instant action against Ms. Chenevert on November 4, 1999. A copy of the complaint was served on Tennessee Farmer's, as the uninsured motorist carrier for the Lowes, pursuant to Tenn. Code Ann. § 56-7-1206 (2001). Neither Ms. Chenevert nor insuror ever filed an answer or entered an appearance. Tennessee Farmer's did, however, file a motion for summary judgment on November 14, 2001, arguing that the Agreement signed by Ms. Lowe on August 10, 1999 released insuror from further liability. Ms. Lowe responded that summary judgment was inappropriate because there remained factual issues as to whether Tennessee Farmer's breached its duty to settle her claim fairly and in good faith by obtaining her signature on the Agreement through misrepresentation. The trial court conducted hearings on this motion twice, and, on August 22, 2002, the lower court granted Tennessee Farmer's summary judgment. The trial court then set the case against Ms. Chenevert for trial on January 13, 2003. Following the trial, the lower court rendered judgment for the Lowes, granting $13,000 to Ms. Lowe for her damages and $12,000 to Mr. Lowe for loss of companionship and payment of his wife's medical expenses. On February 12, 2003, Ms. Lowe appealed the lower court's grant of summary judgment in favor of Tennessee Farmer's. On March 3, 2003, Mr. Lowe filed an application for writ of execution, seeking to have his $12,000 award enforced against insuror, rather than Ms. Chenevert. The lower court denied Mr. Lowe's application in an order dated March 17, 2003, which Mr. Lowe then appealed on March 27, 2003.

**Issues**

Appellant raises two issues for our consideration:

I.      Whether the trial court erred in granting Tennessee Farmer's summary judgment where there are genuine issues of material fact as to whether Tennessee Farmer's dealt "fairly and in good faith" in obtaining Ms. Lowe's signature on the settlement Agreement.

II.     Whether the trial court erred in finding that Ms. Lowe's signature on the Agreement releases Tennessee Farmer's from any duty to satisfy Mr. Lowe's derivative claims.

**Standard of Review**

In *Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614 (Tenn. 2002), the Tennessee Supreme Court set forth the standard of appellate review for a grant of summary judgment:

> An appellate court reviews a grant of summary judgment de novo with no presumption that the trial court's conclusions were correct. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *see also Webber v. State Farm Mut. Auto Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). In reviewing the record, courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Staples v. CBL & Assocs. Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate. *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999).

*Lee*, 90 S.W.3d at 620.

**Law and Analysis**

In their first issue on appeal, the Lowes maintain that the lower court erred in granting Tennessee Farmer's summary judgment regarding Ms. Lowe's claim under the uninsured motorist policy. The Lowes argue that summary judgment was inappropriate because there remain genuine issues of material fact as to whether insuror dealt "fairly and in good faith" in settling Ms. Lowe's claim. Having reviewed the record in light of the relevant authority, we agree.

In *MFA Mut. Ins. Co. v. Flint*, 574 S.W.2d 718 (Tenn. 1978), the Tennessee Supreme Court noted the general duty owed by insurance companies to their insureds:

> Insurance policies are contracts of the utmost good faith and must be administered and performed as such by the insurer. Good faith "demands that the insurer deal with laymen as laymen and not as experts in the subtleties of law and underwriting." (citations omitted). In all insurance contracts, particularly where the language expressing the extent of the coverage may be deceptive to the ordinary layman, there is an implied covenant of good faith and fair dealing that the insurer will not do anything to injure the right of its policyholder to receive the benefits of his contract. This covenant goes deeper than the mere surface of the writing. When a loss occurs which because of its expertise the insurer knows or should know is within the coverage, and the dealings between the parties reasonably put the company on notice that the insured relies upon its integrity, fairness and honesty of purpose, and expects

-3-

his right of payment to be considered, the obligation to deal with him takes on the highest burden of good faith.

*Flint*, 574 S.W.2d at 720-21 (quoting *Bowler v. Fid. & Cas. Co. of N.Y.*, 250 A.2d 580, 587 (N.J. 1969)). The Court then specifically considered an insurer's duty to its insureds when settling claims made under uninsured motorist provisions of automobile insurance policies. The Court held that, although no fiduciary duty exists under such circumstances, the insurer is, nevertheless, under a duty to deal with its insured "fairly and in good faith" when settling a claim under an uninsured motorist provision. *Flint*, 574 S.W.2d at 721.

In the present case, the Lowes maintain that Tennessee Farmer's failed to deal with Ms. Lowe fairly and in good faith because it obtained her signature on the release through misrepresentation. Ms. Lowe testified that David Brown, the insurance representative with whom she dealt on August 10, 1999, described the Agreement as a receipt for payments made on her car and her medical bills, rather than a settlement and release of her claims. She also testified that Mr. Brown stated that the $2500 check tendered that day was to cover existing medical bills and to serve as an advance on any future expenses, making no mention of a settlement offer. Ms. Lowe further stated that she was deceived by the title of the Agreement, "Uninsured Motorist Coverage Receipt and Subrogation Agreement," which contains no prominent language indicating that the document is a release, rather than a receipt. Ms. Lowe maintains that, but for the misrepresentations of Tennessee Farmer's, she would not have signed the Agreement and thereby released insuror from further liability. By way of response, Mr. Brown testified that it would have been his standard practice to notify Ms. Lowe that she was signing a release, though he would not have read the release to her. However, Mr. Brown admitted that he could not specifically recall his meeting with Ms. Lowe on August 10, 1999 and could not, therefore, provide an exact account of their conversation.

Viewing the foregoing evidence in the light most favorable to the Lowes, and making all reasonable inferences on their behalf, we find that the trial court erred in granting Tennessee Farmer's motion for summary judgment. We note, as an initial matter, that "[i]f there is any doubt about whether a genuine issue of material fact exists, summary judgment should not be awarded." *Metro. Gov't of Nashville and Davidson County v. Hudson*, No. M2002-02847-COA-R3-CV, 2003 WL 23093862, at *2 (Tenn. Ct. App. Dec. 30, 2003) (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). Here, Ms. Lowe testified that Mr. Brown misrepresented the nature of the Agreement and that she was misled by the title of the document, which seemed to corroborate the alleged misrepresentation that the Agreement was merely a receipt. Mr. Brown, by contrast, was unable to recall the exact substance of his meeting with Ms. Lowe and could only describe his normal course of conduct during such a meeting. Having considered this testimony, we find that a genuine issue exists as to whether Ms. Lowe was induced to sign the Agreement through misrepresentation and that summary judgment is, therefore, inappropriate.

We note that our holding disposes of the remaining issue on appeal, as the trial court predicated its dismissal of Mr. Lowe's derivative claims on the validity of the Agreement and its

release provision. Accordingly, we reverse the lower court's determination as to Mr. Lowe's claim and remand for further proceedings consistent with this opinion.

## Conclusion

For the foregoing reasons, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellee, Tennessee Farmers Mutual Insurance Company, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE