IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 22, 2009 Session

## DEBORRAH BROWNLEE v. GASTROINTESTINAL SPECIALIST, P.C.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002102-03     Kay S. Robilio, Judge**

_____

**No. W2008-02340-COA-R3-CV - Filed August 25, 2009**

_____

Plaintiff filed this action against defendant after she slipped and fell in defendant's bathroom. Defendant filed a motion for summary judgment asserting that plaintiff could not establish the elements of her claim. The trial court found that plaintiff could not establish the elements of a premises liability claim and granted summary judgment in favor of defendant. Finding that defendant did not meet its burden at the summary judgment stage, we reverse.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Archie Sanders, III, Memphis, Tennessee, for the Appellant, Deborrah Brownlee.

Jerry O. Potter and Jennifer S. Harrison, for the Appellee, Gastrointestinal Specialist, P.C.

## OPINION

### Background

On October 3, 2001, Deborrah Brownlee ("Plaintiff") went to a medical clinic operated by Gastrointestinal Specialists, P.C. ("Defendant") to undergo an outpatient procedure. Prior to entering the bathroom to change clothes, plaintiff was stopped by Maggie Lang, an employee of defendant. Ms. Lang noticed stool on the floor and asked plaintiff to wait while she cleaned it. After she cleaned the floor with a disinfectant solution, Ms. Lang observed that the floor was completely dry. Plaintiff then entered the bathroom by herself. Upon entering, plaintiff slipped on the floor injuring her right leg, hip, and shoulder. Plaintiff did not notice any liquids on the floor prior to her fall and did not examine the floor after she fell. She did, however, notice that her gown was wet

when she was on the floor. After plaintiff's fall, Ms. Lang returned to the bathroom and noticed liquid on the floor in front of the sink. Plaintiff testified that she did not use the sink.

On April 11, 2003, Plaintiff filed a complaint in Shelby County Circuit Court. She alleged that defendant was negligent in failing to clean the floor properly and failing to inspect the area for liquids. She further alleged that defendant had "actual and/or constructive notice" of the dangerous condition that caused her to fall. After defendant filed its answer, the parties conducted brief discovery, taking the depositions of both plaintiff and Ms. Lang.

On July 21, 2008, Defendant filed a motion for summary judgment. Defendant contended that plaintiff could not establish two elements of her claim. First, defendant alleged that plaintiff could not establish that a defective or dangerous condition existed that caused her fall. Second, plaintiff could not show that defendant had either actual or constructive knowledge of the condition. In response, plaintiff relied on Ms. Lang's testimony that she noticed liquid on the floor of the bathroom immediately after the accident. Plaintiff contended that this created an issue of material fact as to whether defendant negligently cleaned the floor or negligently failed to warn plaintiff of the floor's condition.

The trial court heard argument on defendant's motion on September 11, 2008. On September 17, 2008, the court entered an order granting summary judgment in favor of defendant. The court specifically found that "Plaintiff has failed to meet her burden in this premises liability case, as she has not shown that either Defendant created a dangerous or defective condition or that Defendant had notice of such dangerous or defective condition." Plaintiff then filed this appeal.

Plaintiff raises one issue for review: whether the trial court erred in granting defendant's motion for summary judgment on the ground that plaintiff failed to meet her burden in this premises liability case.

Law and Analysis

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). In evaluating the trial court's decision to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Byrd v. Hall***, 847 S.W.2d 208, 210-11 (Tenn. 1993); ***Mooney v. Sneed***, 30 S.W.3d 304, 305-06 (Tenn. 2000).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; ***West v. E. Tenn. Pioneer Oil Co.***, 172 S.W.3d 545, 550 (Tenn. 2005). If the moving party's motion is properly supported, "the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." ***Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1, 5 (Tenn. 2008) (*citing* ***Byrd***, 847 S.W.2d at 215). In order to shift the

burden of production, "the moving party must either affirmatively negate an essential element of the nonmoving party's claim or establish an affirmative defense." **Hannan**, 270 S.W.3d at 5. However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial." **Id**. at 8. Instead, the moving party has the more difficult task of demonstrating "that the nonmoving party cannot establish an essential element of the claim at trial." **Id**. at 7.

Plaintiff's theory of recovery is based on defendant's role as the owner or occupier of the premises on which she was injured. In premises liability cases, liability "stems from superior knowledge of the condition of the premises." **Blair v. West Town Mall**, 130 S.W.3d 761, 764 (Tenn. 2003) (*quoting* **McCormick v. Waters**, 594 S.W.2d 385, 387 (Tenn. 1980)). In **Blair**, the Court set forth the elements of a premises liability claim:

> In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident.

**Blair**, 130 S.W.3d at 764. In the present case, the trial court relied on the deposition testimony of plaintiff and Ms. Lang to support its conclusion that plaintiff failed to establish either of the additional elements set forth in **Blair**.

Defendant argues that summary judgment is appropriate because plaintiff failed to establish the elements of her claim. At this stage, defendant, as the moving party, is required to "demonstrate that the nonmoving party *cannot establish* an essential element of the claim at trial." **Hannan**, 270 S.W.3d at 7 (emphasis in original). In **McCarley v. West Quality Food Service**, 960 S.W.2d 585 (Tenn. 1998), plaintiffs alleged that Mr. McCarley contracted food poisoning after eating fried chicken at the defendant's place of business. Defendant moved for summary judgment alleging that plaintiffs could not establish causation because Mr. McCarley had also eaten bacon on the same day and that either food could have caused his illness. **Id**. at 588. The Court found that defendant's assertions raised doubts about plaintiffs' ability to establish causation but did "not negate the chicken from the list of possible causes." **Id**. Accordingly, the Court ruled that a genuine issue of material fact existed and that summary judgment was therefore inappropriate. **Id**.

This Court's recent decision in **Johnsey v. Northbrooke Manor, Inc.**, No. W2008-01118-COA-R3-CV, 2009 WL 1349202 (Tenn. Ct. App. May 14, 2009) is also instructive on this issue. In **Johnsey**, plaintiff filed suit against a nursing home alleging that her husband suffered a broken hip while a resident there. The nursing home sought summary judgment and presented deposition testimony from experts who expressed uncertainty as to the cause of the hip fracture. **Id**., at *8. On review, this Court found that "although Northbrooke's assertions may have

caused doubt as to whether the plaintiff could offer proof at trial to establish the cause of Mr. Johnsey's hip fracture, they did not demonstrate that the plaintiff could not prove her claim at trial." *Id*., at *9. Consequently, summary judgment was inappropriate.

Here, defendant presented the testimony of Ms. Lang, who stated that bathroom floor was dry before plaintiff entered but there was a puddle by the sink after the accident. Plaintiff, on the other hand, testified that she slipped on something in the bathroom, but did not know what exactly caused her to slip. She did testify that she had not used the sink and that her gown was wet after she fell.

Reviewing this evidence in the light most favorable to the non-moving party, we find that there is a genuine issue of material fact and that summary judgment was inappropriate. Defendant has failed to show that plaintiff could not establish the elements of a premises liability claim. Defendant, like the nursing home in *Johnsey*, has only offered assertions that cast doubt on plaintiff's ability to prove the elements of her claim. Accordingly, we find that the trial court erred in granting defendant's motion for summary judgment.

The judgment of the trial court is reversed. Costs of this appeal are assessed to Appellee Gastrointestinal Specialists, P.C.

_____
J. STEVEN STAFFORD, J.

-4-