# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 8, 2012 Session

### IN RE ESTATE OF FRED F. CRUMLEY, SR.

**Appeal from the Chancery Court for Hamilton County**
**No. 09P712    Hon. Jeffrey M. Atherton, Chancellor**

---

### No. E2012-00030-COA-R3-CV-FILED-DECEMBER 18, 2012

---

The Bureau of TennCare filed a petition to open Fred F. Crumley, Sr.'s estate in order to file a claim against the estate for medical assistance rendered. The court appointed an administrator, and the Bureau of TennCare filed a claim. Administrator argued that the statute of limitations barred recovery on any claim filed by the Bureau of TennCare. The trial court agreed with Administrator and dismissed the claim. The Bureau of TennCare appeals. We reverse the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and JAMES CURWOOD WITT, JR., SP. J.,[1] joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Richard F. Clippard, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellant, Tennessee Bureau of TennCare.

Jennifer Kent Exum, Chattanooga, Tennessee, for the appellee, G. Michael Luhowiak.

Fred F. Crumley, Jr., Harrison, Tennessee, appellee, pro se.

Mary Castleberry, Chattanooga, Tennessee, appellee, pro se.

---

[1]Judge on the Court of Criminal Appeals sitting by special designation.

# OPINION

## I. BACKGROUND

On December 11, 2008, Fred F. Crumley, Sr. ("Decedent") died while a resident at Consulate Health Care of Chattanooga in Tennessee. Decedent's heir, Fred Crumley, Jr., did not attempt to administer Decedent's estate, which was valued at approximately $94,600. On December 30, 2009, the Bureau of TennCare ("the Bureau") filed a petition to open the estate as a creditor pursuant to Tennessee Code Annotated section 30-1-106. The court appointed G. Michael Luhowiak ("Administrator") as the administrator of the estate and issued letters of administration on January 5, 2010. The court also waived Administrator's duty to file an affidavit of notice with the Bureau.

Administrator filed a motion to dismiss, alleging that the Bureau "lack[ed] standing as a creditor to open [the estate] after the expiration of the twelve (12) month absolute bar date for the filing of claims." Administrator did not file a notice of hearing, and the Bureau did not appear at the hearing. The court initially dismissed the probate action but set aside the dismissal when the Bureau complained that it had not received notice of the hearing.

Another hearing was held on March 22, 2010, at which both parties were present. Following the hearing, the court dismissed the probate action, stating,

> [T]he court finds that, under the current version of [Tennessee Code Annotated section 71-5-116], the one year statute of limitations found in [Tennessee Code Annotated section 30-2-310(b)] does apply to TennCare claims, even if no notice is provided to the [Bureau].

The Bureau filed a motion to alter or amend, arguing that the court failed to acknowledge that Decedent, through his estate, owed the Bureau for services rendered, that the court failed to consider the express condition precedent in Tennessee Code Annotated section 71-5-116, that the court's decision was against logic, and that the court engaged in reasoning that caused an injustice to the Bureau. On June 28, 2010, a hearing was held on the Bureau's motion. Following the hearing, the court set aside the order of dismissal and directed the Bureau to file its claim.[2]

---

[2]On August 5, 2010, two orders, signed by a chancellor who did not preside over the hearing, were entered that reflected this ruling. These orders were subsequently stricken from the record and replaced by another order, dated March 26, 2012, that was signed by the chancellor who presided over the hearing.

On August 23, 2010, the Bureau submitted its claim of $186,886.78 against the estate. Citing the applicable statute of limitations, the clerk and master returned the claim to the Bureau. After reviewing the court's order directing the Bureau to file the claim, the clerk and master accepted the claim but did not actually file the claim until July 12, 2011.[3]

Administrator renewed his motion to dismiss but inadvertently failed to serve the Bureau's counsel with the motion. The court dismissed the action without objection. After learning of the dismissal, the Bureau filed a motion to set aside the dismissal. The court granted the motion and held a new hearing. Relative to the Bureau's delay in filing the claim after opening the estate, the court stated, in pertinent part,

> Over 11 months [passed] before [the Bureau] complie[d] with the order that they fought so hard to get. I just can't look beyond that action, or rather inaction, when considering that portion of the statute that says there has to be vigorous pursuit of an action on behalf of TennCare.

Following the hearing, the court dismissed the action for the fourth and final time, holding that the claim was barred by Tennessee Code Annotated section 30-2-310. The court found that the Bureau failed to comply with Tennessee Code Annotated section 71-5-116, which tasked the Bureau with filing its claim against the estate within 12 months of Decedent's death. The court further found that "[t]he Bureau's actions in this matter demonstrate a failure to 'vigorously pursue' recovery efforts against this estate within the time allowed for the filing of claims by creditors." This timely appeal followed.

## II.  ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.  Whether the statute of limitations precluded the Bureau's claim for the recovery of justly paid medical benefits.

B.  Whether the Bureau failed to "strive vigorously" in its effort to recoup TennCare funds from Decedent's estate.

---

[3]It was not clear from the record why the clerk and master failed to file the claim in a timely manner.

## III. STANDARD OF REVIEW

The facts are not in dispute, and the issues before this court involve the interpretation of statutes and case law. "Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness." *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). Likewise, the trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

The Supreme Court of Tennessee has recapitulated the primary principles of statutory construction as follows:

> [T]here are a number of principles of statutory construction, among which is the most basic rule of statutory construction: to ascertain and give effect to the intention and purpose of the legislature. However, the court must ascertain the intent without unduly restricting or expanding the statute's coverage beyond its intended scope. The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application.

*Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000) (citations and internal quotation marks omitted). This court is not permitted "to alter or amend a statute." *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 803 (Tenn. 2000). "The reasonableness of a statute may not be questioned by a court, and a court may not substitute its own policy judgments for those of the legislature." *Mooney*, 30 S.W.3d at 306 (citing *Gleaves*, 15 S.W.3d at 803). "It is presumed that the Legislature in enacting [a] statute did not intend an absurdity, and such a result will be avoided if the terms of the statute admit of it by a reasonable construction." *Epstein v. State*, 366 S.W.2d 914, 918 (Tenn. 1963). "[C]ourts must 'presume that the legislature says in a statute what it means and means in a statute what it says there.'" *Gleaves*, 15 S.W.3d at 803 (quoting *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)).

## IV. DISCUSSION

### A.

Tennessee imposes a one-year statute of limitations upon claims made by the Bureau against an estate. *See* Tenn. Code Ann. § 30-2-310 (barring non-tax claims not filed within 12 months from the date of death of the decedent). The Bureau contends that the applicable

statute of limitations found in Tennessee Code Annotated section 30-2-310 did not bar its claim. The Bureau admits that it is obligated to file claims within the statute of limitations when the personal representatives of an estate comply with the statutory notice requirements but argues that the claim in this case is not barred because it did not receive any of the statutory notices. Administrator asserts that the Bureau's claim was properly dismissed as untimely pursuant to section 30-2-310 because the claim was filed more than one year after Decedent's death. He argues that he was not required to issue a notice to the Bureau because he was appointed to administer Decedent's estate more than one year after Decedent's death. He contends that the Bureau had either actual or constructive notice of Decedent's death because the Bureau initiated the opening of the probate proceedings. Both parties argue that their position is supported by the 2007 amendments to section 71-5-116.

Prior to the applicability of the 2007 amendments to section 71-5-116, the Tennessee Supreme Court was faced with answering a similar question in *Tanner*. 295 S.W.3d at 616-17. In *Tanner*, decedent's heir, who was acting as the conservator of the estate, sought a release from the Bureau without initiating the administration of decedent's estate. After its attempt to file a claim in the conservatorship action was thwarted, the Bureau sought to open decedent's estate 19 months after decedent's death. The court appointed an administrator, and the Bureau filed its claim, which was dismissed as untimely. This court affirmed the trial court's dismissal, noting that the Bureau had actual notice of decedent's death prior to the expiration of the 12-month statute of limitations. On appeal to the Tennessee Supreme Court, the Court held that the Bureau's claim was not subject to the generally applicable one-year statute of limitations. In so holding, the Court stated,

> Our conclusion, therefore, is that at the time of [decedent's] death, section 71-5-116(c) permitted adjustment or recovery from an estate until a waiver or release was granted by the Bureau, regardless of any limitations on ordinary claims imposed by section 30-2-310(b). We further hold that, incident to its right to demand payment pursuant to the release and waiver provisions, the Bureau was permitted to file a formal claim against the estate, despite the fact that claims of most other types would have been barred.

*Id.* at 628-29 (footnote omitted).

The amended statute at issue in this case provides, in pertinent part,

(c)(1) There shall be no adjustment or recovery of any payment for medical assistance correctly paid on behalf of any recipient pursuant to this part from the recipient's estate, except in the case of a recipient who was fifty-five (55) years of age or older at the time the recipient received medical assistance or

-5-

services pursuant to this part. In that case, adjustment or recovery from the recipient's estate may be pursued only after the death of the individual's surviving spouse[.]

(c)(2) Before any probate estate may be closed pursuant to title 30, with respect to a decedent, who at the time of death, was enrolled in the TennCare program, the personal representative of the estate shall file with the clerk of the court exercising probate jurisdiction a release from [the Bureau] evidencing either:

> (A) Payment of all medical assistance benefits, premiums, or other costs due from the estate under law;
>
> (B) Waiver of the bureau's claims; or
>
> (C) A statement from the bureau that no amount is due.

(d)(1) To facilitate and enhance compliance with subsection (c), the following notices shall be provided:

> (A) Within thirty (30) days of receipt of notice of a person's death, the department of health shall notify [the Bureau], in a format to be specified by the [B]ureau, of the death of any individual fifty-five (55) years of age or older. Each notification shall include the decedent's name, date of birth and social security number;
>
> (B) Within sixty (60) days of the date of issuance of either letters of administration or letters testamentary, the personal representatives of decedents shall provide notice of the death of any individual age fifty-five (55) years of age or older to [the Bureau], in a format to be specified by the [B]ureau, shall state whether the decedent was a TennCare recipient and shall request a release from [the Bureau] pursuant to subdivision (c)(2), and an affidavit confirming notice shall be filed pursuant to § 30-2-301(b)(3);
>
> (C) Personal representatives of decedents shall provide notice to the court concerning whether or not decedent was a TennCare recipient pursuant to § 30-1-117; and

(D) Personal representatives of decedents shall provide notice to creditors specified in § 30-2-306 to [the Bureau], if the decedent was a TennCare recipient. If a notice to creditors is provided to the [B]ureau, the [B]ureau shall file a claim for recovery in accordance with the requirements of title 30, chapter 2, part 3.

(2) It is the legislative intent of subdivision (d)(1) that, after the date of death, [the Bureau] strive vigorously to recoup any TennCare funds expended for decedent during decedent's lifetime.

Tenn. Code Ann. § 71-5-116(c), (d).

This case is the last in a trio of cases that have made their way through this court following the 2007 amendments to section 71-5-116. The first two cases were *In re Estate of Gregory*, No. E2011-01369-COA-R3-CV, 2012 WL 2499502 (Tenn. Ct. App. June 29, 2012) and *In re Estate of Omer Stidham*, No E2011-02507-COA-R3-CV, 2012 WL 3612386 (Tenn. Ct. App. Aug. 23, 2012), *perm. app. filed* (Oct. 18, 2012). These cases highlighted the applicability of the Court's decision in *Tanner* in light of the amendments to section 71-5-116.

In *Gregory*, the executor of decedent's estate waited approximately 14 months to open decedent's estate and provide notice to the Bureau. When the Bureau filed its claim, the executor asserted that the Bureau's claim was untimely because it had not been filed within the applicable one-year statute of limitations. Relative to the notice provisions in section 71-5-116, this court stated,

The effect of giving the statute of limitations effect without notice from the personal representative within one year of the death would be to reward the estate for failing to give the intended notice in a manner that would facilitate the filing of a claim, while penalizing the Bureau for failing to act despite the lack of notice. We understand that the Bureau is supposed to receive notice of the death from the department of health pursuant to [Tennessee Code Annotated section 71-5-116(d)(1)(A)], but that was also true in *Tanner*. (*See Tanner*, 295 S.W.3d at 615 (quoting same requirement in version of statute in effect before January 1, 2007).

*Gregory*, 2012 WL 2499502 at *3. In holding that the Bureau's claim was not barred, this court stated,

[W]e hold that, under the undisputed facts of this case, the January 2007 amendment to [Tennessee Code Annotated section 71-5-116] does not change the applicability of *Tanner*. The executor, having waited more than one year from the death of Ms. Gregory to open the estate and give notice of the death, cannot now invoke the notice and claim requirements of section 71-5-116(d)(1)(D) as a reason for strictly holding the Bureau to the statute of limitations. *The executor's failure to obtain a waiver or release from the Bureau prevented the statute of limitations found in Tennessee Code Annotated section 30-2-310 from running.* We state no opinion as to the result had the executor filed the estate shortly after the death and given notice to the Bureau in time to facilitate it filing a claim within a year of the death.

*Id.* at *4 (emphasis added).

In *Stidham*, the Bureau filed a petition to open the estate a few days after the one-year anniversary of the decedent's death. The Bureau filed its claim after the court appointed an administrator. Decedent's heirs objected to the claim and raised several issues relating to the Bureau's ability to recover the claimed amount. As relevant to this case, they argued that the claim itself was barred because it was untimely. The Bureau responded that the claim was not barred because it never received notice of death as required by section 71-5-116. The trial court agreed with the Bureau, and the heirs appealed. On appeal, this court discussed the Tennessee Supreme Court's decision in *Tanner* and this court's decision in *Gregory* before ultimately agreeing with the trial court that the statute of limitations did not bar the Bureau's claim. In so holding, this court stated, in pertinent part,

In this case, the decedent's heirs never sought to open the estate. Instead, the Bureau initiated a probate proceeding, like the proceeding that was instituted in *Tanner*, pursuant to section 30-1-106. Once that proceeding was instituted, the estate could not be closed until the personal representative of the estate filed a release pursuant to section 71-5-116(c)(2). The failure of the personal representative of the estate to obtain a release prevented the statute of limitations from running. *Gregory*, 2012 WL 2499502 at *4. Additionally, the heirs neglected to give any notice to the Bureau of Decedent's death and his status as a TennCare recipient. As stated in *Gregory*, those who fail to give notice should not be able to assert the notice and claim requirements contained in section 71-5-116. *Id.* Accordingly, the statute of limitations did not prevent the Bureau from filing its claim.

*Stidham*, 2012 WL 3612386, at *5.

While *Gregory* presented a slightly different scenario, the factual scenario presented in *Stidham* is nearly identical to the facts in this case. Like the heirs in *Stidham*, the heir in this case never opened the estate, thereby forcing the Bureau to file a petition to open the estate pursuant to section 30-1-106 once it discovered that Decedent was a TennCare recipient. Administrator argues that *Stidham* is distinguishable from this case because the clerk and master waived Administrator's duty to file an affidavit of notice with the Bureau. We do not believe that distinction affects the applicability of *Stidham*. The Bureau knew of Decedent's death when it opened the estate. Thus, the filing of an affidavit of notice was no longer needed and was rightly waived as superfluous. While not explicitly stated as such, the analysis in *Gregory* and *Stidham* demonstrates that the notice provision contained in section 71-5-116(d)(1)(D) is simply inoperative if the Bureau did not receive a notice to creditors of a decedent's death within the one year statute of limitations. Indeed, the statute provides,

> *If* a notice to creditors is provided to the [B]ureau, the [B]ureau *shall* file a claim for recovery in accordance with the requirements of title 30, chapter 2, part 3.

Tenn. Code Ann. § 71-5-116(d)(1)(D) (emphasis added). Neither *Gregory* nor *Stidham* provided any "opinion as to the result had the executor filed the estate shortly after the death and given notice to the Bureau in time to facilitate it filing a claim within a year of the death." *Stidham*, 2012 WL 3612386, at *5 (quoting *Gregory*, 2012 WL 2499502, at *4). We also refuse to provide such an opinion as to the result had Administrator provided notice to the Bureau in time for the Bureau to file the claim within a year of the death. Accordingly, we adhere to this court's analysis in *Stidham* and conclude that the statute of limitations did not prevent the Bureau from opening the estate and filing the claim.

B.

The legislatively imposed notice requirements placed upon the personal representatives of a decedent's estate were intended to enhance the Bureau's ability to "strive vigorously to recoup any TennCare funds expended for decedent during decedent's lifetime." Tenn. Code Ann. § 71-5-116(d)(2). The Bureau argues that the trial court erred in holding that it failed to vigorously pursue recovery efforts. The Bureau contends that the court's decision was based upon the erroneous assumption that it waited approximately 11 months to comply with the court's order to file the claim. The Bureau notes that it submitted the claim within weeks of the court's order but that the clerk and master did not file the claim in a timely manner. Administrator responds that despite the filing error, the trial court properly barred the Bureau's claim because the Bureau failed to vigorously pursue recovery efforts. He notes that while the filing error caused additional delays, the court's decision was

-9-

based upon the Bureau's initial delay in opening the estate and the subsequent eight-month delay in submitting the claim for filing.

This case was unnecessarily prolonged by delays caused by notice and filing errors. The Bureau sought to file its claim after the initial opening of the estate, while Administrator strongly opposed the Bureau's standing to even open the estate as a creditor. We cannot fault the Bureau for seeking the court's permission to file a claim when the Bureau was faced with Administrator's constant opposition. Given the prolonged delays and the Bureau's repeated motions to set aside court orders, we are not surprised that the transcript of the final hearing reflects that the court was deeply troubled by the Bureau's additional 11-month delay in filing the claim. Both parties now agree that the additional 11-month delay was a filing error not caused by the Bureau. The record reflects that the Bureau opened the estate within 13 months of Decedent's death and that since that time, the Bureau sought to recoup the TennCare funds from the estate. In light of the facts of this case, we must conclude that the trial court erred in holding that the Bureau failed to "strive vigorously" in its effort to recoup TennCare funds from Decedent's estate.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the Estate of Fred F. Crumley, Sr.


_____
JOHN W. McCLARTY, JUDGE

-10-