# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 29, 2015 Session

## IN RE ESTATE OF SALLY LAYTON

**Appeal from the Chancery Court for Washington County**
**No. P2359          John C. Rambo, Chancellor**

---

**No. E2015-00624-COA-R3-CV – Filed December 30, 2015**

---

In this case, we are called upon to determine whether an exception to a claim against an estate was timely filed. Sally Layton (the decedent) died intestate. On the day before the one-year anniversary of her death, Blounts Operator, LLC, dba Greystone Healthcare Center, the operator of a nursing home, petitioned the trial court for letters of administration on the decedent's estate. The court granted the petition the same day. Also on the same day, Blounts filed a claim against the estate. Elizabeth Layton, one of the decedent's children, later filed an exception to Blounts's claim. The exception was filed within five months of the first notice to creditors. The trial court held that the exception was timely filed. The court reduced the amount of the claim. Blounts appeals, arguing only that the exception was not timely filed. We affirm the trial court's judgment as to the timeliness of the filing of the exception.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and BRANDON O. GIBSON, J., joined.

Minton Mayer and Michele T. Marsicano, Memphis, Tennessee, and Daniel D. Coughlin, Bristol, Tennessee, for the appellant, Blounts Operator, LLC dba Greystone Healthcare Center.

Arthur M. Fowler and Arthur M. Fowler, III, Johnson City, Tennessee, for the appellee, Elizabeth Layton.

## OPINION

## I.

The decedent's oldest daughter, Elizabeth Layton, acting pursuant to her mother's power of attorney, executed a "financial agreement" with Blounts on July 3, 2013. The agreement provided for her mother's admission to Blounts's facility. The decedent resided at the nursing home for a short period of time prior to her death on August 1, 2013. When she died, the decedent owed Blounts an outstanding balance on her bill.

On July 31, 2014, the day before the one-year anniversary of the decedent's death, Blounts petitioned the trial court for letters of administration for the decedent's estate. The court designated Blounts as the administrator. The children of the decedent contend that they were not served with a copy of the petition, although their names and addresses were reflected in the petition. Contemporaneously with the filing of the petition, Blounts filed a claim against the estate for $14,400, allegedly for unpaid nursing home services. Filed with the claim was a "Resident Account Detail" for the decedent's account, which listed several entries for services and supplies totaling zero dollars and one entry for a "room charge" from July 5, 2013, through July 28, 2013, totaling $14,400. The claim included a certificate of service, which reflects that it and supporting materials were sent to Blounts in its capacity as administrator and also to its attorney. The beneficiaries are not shown as intended recipients in the certificate. The court directed the publication of a notice of the decedent's death in the Johnson City Press on two days, one in the first week and one in the following week, in August 2014.

On October 17, 2014, Layton filed an exception to Blounts's claim in which she pointed out several deficiencies in the filed claim. By later amendment, Blounts filed a portion of the "financial agreement," which states, in relevant part, that

> [t]he routine nursing services and supplies provided and the daily rate may vary depending on whether the resident is private pay or a Medicaid or Medicare beneficiary. The daily rate for this resident is $600.00 / $400.00 / $192.00. . . . *The daily private pay rate is $192.00 per day which is subject to change at the discretion of the facility.*

(Emphasis added.)

In its response to Layton's exception, Blounts argued that the "financial agreement" shows that Layton had knowledge of the decedent's admission to Blounts's facility at *a base charge of $600 per day*. Blounts states that, despite her knowledge, Layton "never undertook to have Decedent's bill . . . paid or to open an estate in . . .

2

Probate Court to administer said estate." Blounts further stated that Layton's "exception was not filed until October 17, 2014." Blounts argues that the exception was not timely. It contends the exception is "time-barred."

At a February 9, 2015 hearing on Blounts's claim, the trial court found as follows:

> Attached to the Notice of Claim was a two-page residential account detail for Sally M. Layton from July 6, 2013 through July 28, 2013 for numerous services rendered to Decedent, with the notation showing a balance owing for said services of $0.00. The account detail then showed a private nursing facility charge from July 5, 2013, through July 28, 2013, of $14,400.00.
>
> The claim amount of $14,400.00 would be based on a daily charge by Blounts of $600.00.
>
> Blounts subsequently amended its claim attaching a document entitled "Financial Agreement."
>
> The Financial Agreement set forth three daily rates Blounts would charge Decedent in the amounts of $600.00 / $400.00 / $192.00.
>
> The Financial Agreement then stated the daily rate it was charging Decedent was $192.00 per day from July 5, 2013 through July 28, 2013 for a total of $4,608.00.

(Paragraph numbering in original omitted; the word "Claimant" in original is replaced by "Blounts".) The trial court determined that Layton's exception was timely filed pursuant to Tenn. Code Ann. § 30-2-314(a) (2014). The court also concluded that since Blounts drafted the financial agreement, it "must be construed against the drafter." Accordingly, the court held that the daily rate was $192. Based upon this rate, the court held that Blounts's charge for services should have been $4,068, rather than the $14,400 claimed by Blounts. The court approved Blounts's claim for the reduced amount. Blounts appeals, challenging whether Layton's exception was timely filed.

## II.

Blounts raises two issues with similar language. We conclude that the sole issue before us is whether Layton's exception was timely filed under the pertinent statute.

3

## III.

Blounts's "timeliness" issue raises a question of law. We review a trial court's conclusions of law de novo with no presumption of correctness. Tenn. R. App. P. 13(d). The issue before us requires us to interpret state statutes. "Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness." *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000)). In the case of *In re Estate of Stidham*, we stated that

> [t]he Supreme Court of Tennessee has recapitulated the primary principles of statutory construction as follows:
>
>> [T]here are a number of principles of statutory construction, among which is the most basic rule of statutory construction: to ascertain and give effect to the intention and purpose of the legislature. However, the court must ascertain the intent without unduly restricting or expanding the statute's coverage beyond its intended scope. The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application.
>
> *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000) (citations and internal quotation marks omitted). This court is not permitted "to alter or amend a statute." [*Gleaves*], 15 S.W.3d [at 803]. "The reasonableness of a statute may not be questioned by a court, and a court may not substitute its own policy judgments for those of the legislature." *Mooney*, 30 S.W.3d at 306 (citing *Gleaves*, 15 S.W.3d at 803). "It is presumed that the Legislature in enacting [a] statute did not intend an absurdity, and such a result will be avoided if the terms of the statute admit of it by a reasonable construction." *Epstein v. State*, 211 Tenn. 633, 366 S.W.2d 914, 918 (1963). "[C]ourts must 'presume that the legislature says in a statute what it means and means in a statute what it says there.'" *Gleaves*, 15 S.W.3d at 803 (quoting *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)).

438 S.W.3d 535, 536-37 (Tenn. Ct. App. 2012). We approach the task of interpreting the relevant statutes with the above principles in mind.

**IV.**

Tenn. Code Ann. § 30-2-314(a)[1] addresses the issue of when an exception to a claim must be filed:

> Until thirty (30) days after the expiration of four (4) months from the date of the notice to creditors given as provided in § 30-2-306(b), the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to the claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered. . . .

In the case at bar, the date of the first notice to creditors was August 6, 2014. Under the aforesaid statute, an exception to a claim must be filed within ". . . thirty . . . days after the expiration of four . . . months from the date of" the first notice to creditors. Hence, one intending to except to a claim has essentially five months from the first notice. Here, the exception was filed on October 17, 2014, well within the five months specified in the statute. Thus, the statute, which expressly addresses when an exception must be filed, was satisfied in this case.

**V.**

**A.**

Blounts espouses two arguments in support of its position that the exception was not timely filed. We are unpersuaded.

**B.**

While acknowledging the language of the first sentence of Tenn. Code Ann. § 30-2-314(a) – the part that we have relied upon to support our holding of timeliness – Blounts argues that the second sentence of that statute dictates that the exception should

---

[1] The legislature modified the format of this statute on July 10, 2015, although those changes do not affect our analysis. The version quoted here reflects the statute as it was at the time the original claim was filed.

5

have been filed "no later than thirty . . . days from the date the personal representative receive[d] notice from the clerk of the filing of the claim." Tenn. Code Ann. § 30-2-314(a). The full text of the language in which Blounts finds support for its position is as follows:

> However, if the filing of the claim . . . occurs after the date that is four (4) months from the date of the notice to creditors, the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to any claim . . . *provided that the exception is filed no later than thirty (30) days from the date the personal representative receives notice from the clerk of the filing of the claim . . .*

Tenn. Code Ann. § 30-2-314(a) (emphasis added). This language does not support Blounts's position that Layton's exception was not timely filed. While the exception was filed outside the thirty-day period specified in the above text, this fact is not germane to the issue of whether the exception was timely filed. The reason for this is self-evident: Blounts's claim was filed *before* the notice to creditors and not "after the date that is four . . . months from the date of the notice to creditors." Therefore, the thirty-day rule in the second sentence of Tenn. Code Ann. § 30-2-314(a) is simply not applicable to the facts of this case.

## C.

Blounts further argues that, in any event, an exception to a claim should be barred unless it is filed within thirty days of the deadline for the filing of claims. The short answer to this position is that the statutory scheme of claims and exceptions does not provide such an absolute rule for all exceptions. A better response is that the very statute which addresses exceptions – the same Tenn. Code Ann. § 30-2-314(a) – *expressly* provides the period within which an exception, under the facts of this case, must be filed. That time period is related to the "notice to creditors given as provided in Tenn. Code Ann. § 30-2-306" and not directly related to the date of filing of the claim.

As previously noted, we hold that Blounts's arguments are without merit.

## VI.

Blounts further argues in its brief that "deductive reasoning determined that the deadline for filing an exception is thirty days from the deadline for filing the claims." Perhaps so, but the statutory scheme implicated by the facts of this case does not confirm the result of Blounts's "deductive reasoning." It is not for the Court of Appeals to set the

public policy of this state, especially where state statutes expressly state what that policy is. Our job is to interpret the language of the pertinent statutes "giv[ing] effect to the intention and purpose of the legislature." *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). That is precisely what we have done. There is no ambiguity in Tenn. Code Ann. § 30-2-314(a). The language of that statute clearly leads us to the conclusion that Layton's exception was timely filed.

## VII.

Layton asks us to find this appeal was "frivolous" under Tenn. Code Ann. § 27-1-122 (2000). She seeks her attorney's fees. A frivolous appeal is "one that is devoid of merit, or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citations omitted). This court has sole discretion to award damages for filing a frivolous appeal. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) (citing *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006)). We do so "sparingly so as not to discourage legitimate appeals." *Id.* Although we have ultimately held that Blounts's position on the issue of whether the exception was timely filed is without merit, we do not find the appeal was frivolous or taken solely for delay. Blounts raised serious questions of statutory interpretation regarding the time allowed to except to a claim filed against an estate. We therefore decline to award Layton her attorney's fees under Tenn. Code Ann. § 27-1-122.

## VIII.

The judgment of trial court is affirmed. Costs on appeal are assessed against the appellant, Blounts Operator, LLC, dba Greystone Healthcare Center. This case is remanded for enforcement of the trial court's judgment and the collection of costs assessed in the trial court.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE

7